IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KYLE HILL, | : | CIVIL ACTION NO. 1:23-CV-497 |
| | : | |
| Plaintiff | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| WARDEN TRAVIS SHENK, *et al.*, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Kyle Hill, alleges civil rights violations arising from an incident in which he fell while sitting on a broken chair. Defendants have moved for summary judgment. The motion will be granted in part and denied in part.

## I.     Factual Background & Procedural History

Hill filed this case on March 16, 2023, and the court received and docketed his complaint on March 21, 2023. (Doc. 1). Hill is currently incarcerated in Pine Grove State Correctional Institution, but his complaint asserts civil rights violations when he was a pretrial detainee in Cumberland County Prison ("CCP"). Hill advances claims for cruel and unusual punishment and deliberate indifference in violation of the Eighth and Fourteenth Amendments, negligence under state law, state created danger in violation of the Fourteenth Amendment, and a Monell[1] claim challenging an allegedly unconstitutional policy enforced by CCP. The case was initially

---

[1] See Monell v. Dep't of Soc. Servs. of N,Y.C., 436 U.S. 658, 691 (1978).

assigned to United States District Judge Christopher C. Conner. On April 28, 2023,

Judge Conner dismissed all claims against CCP but directed the Clerk of Court to

serve all other defendants with process. (Doc. 10). Defendants answered the

complaint on August 8, 2023. (Doc. 24).

On September 22, 2023, Judge Conner granted a motion for intervention filed

by third-party plaintiff Joshua Barrick, who alleged injuries that were similarly

caused by damaged chairs in CCP. (Doc. 26). After Barrick failed to pay the filing

fee, however, Judge Conner dismissed his third-party complaint and the additional

defendants named as parties in the third-party complaint. (Doc. 45). The case

accordingly proceeded solely with respect to Hill's original complaint. (See id.)

Defendants filed the instant motion for summary judgment on October 24,

2024, along with a statement of material facts as required by Local Rule 56.1 and a

supporting brief. (Docs. 62-65). Briefing on the motion is complete and it is ripe for

review. (Docs. 65, 70). The case was reassigned to the undersigned on January 24,

2025, following Judge Conner's retirement from the court.

## II.    Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary

judgment is appropriate if the moving party shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law."

FED. R. CIV. P. 56(a). A factual dispute is material if resolution of it "might affect the

outcome of the suit under the governing law" and genuine "if the evidence is such

that a reasonable jury could return a verdict for the nonmoving party." Mall

Chevrolet, Inc. v. General Motors LLC, 99 F.4th 622, 631 (3d Cir. 2024) (quoting

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). When considering a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. Tolan v. Cotton, 572 U.S. 650, 657 (2014) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970)). The court's duty is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 242-43.

There are "two closely related methods for a movant to succeed at summary judgment." Mall Chevrolet, 99 F.4th at 630. "First, under the standard approach, the moving party may produce material facts, established as genuinely undisputed, that entitle it to judgment as a matter of law." Id. (citing FED. R. CIV. P. 56(a)). "Second, under the Celotex approach, a moving party may instead demonstrate that the nonmoving party has not made 'a showing sufficient to establish the existence of an element essential to that party's case on which that party will bear the burden of proof at trial.'" Id. (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

If a moving party meets its initial burden to show that there is no genuine issue of material fact, the nonmoving party can defeat the motion by producing evidence to establish a genuine issue of material fact. Anderson, 477 U.S. at 256. The nonmoving party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. The party "must do more than simply show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury

could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. Moreover, if the nonmovant's version of disputed facts is "blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).

### III.    Material Facts

Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." M.D. Pa. L.R. 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. Id.

Although defendants filed a statement of material fact as required by Rule 56.1, (see Doc. 64), the only evidence they have produced at the summary judgment stage is plaintiff's deposition testimony. Thus, because the court must view the evidence in the light most favorable to plaintiff and defendants have not produced any other evidence in support of their argument, the court will cite directly to plaintiff's deposition testimony where applicable and view his testimony in the light most favorable to him as the nonmovant.

According to plaintiff's deposition testimony, he complained to Palmer, a lieutenant at CCP, about a defective chair in his cell at approximately 3:00 p.m. on

December 5, 2022.[2] (Doc. 64-1 at 25-27).[3] While Palmer and Hill were talking, Palmer instructed defendant Bretz, a corporal in the prison, to remove the chair from the cell. (Id. at 26). Hill testified that other individuals were present to hear this conversation, but he could not recall their identities. (Id. at 26-27). Bretz told Palmer that he would take care of it. (Id. at 27). Hill had not complained about the chair prior to this conversation. (Id. at 28). He testified that he became aware of the defect in the chair when he sat in it and noticed the right leg was bent and that he reported the defect to prison staff right away. (Id. at 29-32).

Later on December 5, 2022, after Hill returned from a sick call appointment in the prison's medical department, he spoke with defendant Teel, a correctional officer in the prison, and asked him if his chair had been replaced. (Id. at 35). Teel told Hill that he would look into replacing the chair. (Id. at 39).

At approximately 6:55 p.m. on December 5, 2022, Hill sat down on a chair in his cell. (Id. at 44-45). Although Hill did not check whether it was the defective chair he had previously complained about, he subsequently learned that it was the same chair. (Id. at 45-47). The chair collapsed under Hill and injured him. (Id. at 54).

Sometime after Hill's injuries, he learned that an inmate who was previously housed in the cell, Joshua Long, had complained to prison officials about the same chair when he was in the cell. (Id. at 55-56). Hill had not spoken directly with Long,

---

[2] Palmer is not named as a defendant.

[3] The court cites the deposition transcript using the transcript's official page numbers rather than the page numbers that correspond with the court's electronic docket.

but learned about Long's complaints about the chair from his cellmate, Denny

Ranck, who had previously shared the cell with Long. (Id. at 57-58).

Hill additionally testified that after he suffered injuries from the chair

collapsing, defendants Fisher, Teel, and Bretz, who were conducting urine testing

in the housing block, ignored Hill's injuries until they completed the testing. (Id. at

58). Hill testified that while the officers completed the testing, he lay on his back in

the cell for approximately 5-10 minutes until Teel and other unknown individuals

helped him into a chair. (Id. at 61-63). Hill then waited for several hours until

Corporal Hrnjic, who is not named as a defendant, arranged for him to receive

medical attention. (Id. at 64). Finally, Hill testified that he had not personally

informed defendant Shenk, the warden of the prison, of the danger posed by the

defective chair, but that Shenk had been informed of the danger by Long prior to

Hill moving into the cell. (Id. at 77-78).

## IV.    Discussion

Hill brings his constitutional claims under 42 U.S.C. § 1983. Section 1983

creates a private cause of action to redress constitutional wrongs committed by

state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but

serves as a mechanism for vindicating rights otherwise protected by federal law.

See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d

1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a

deprivation of a "right secured by the Constitution and the laws of the United

States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204

(quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)). Here, Hill

asserts constitutional claims for deliberate indifference, cruel and unusual

punishment, state-created danger, and negligence. Defendants' arguments for

summary judgment on each claim will be considered *seriatim*.

### A.    Deliberate Indifference and Negligence

Defendants first argue that they are entitled to summary judgment on

plaintiff's deliberate indifference and cruel and unusual punishment claims because

plaintiff cannot prove that defendants acted deliberately. (Doc. 65 at 5-8).

The deliberate indifference and cruel and unusual punishment claims are

both properly construed as advancing claims of deliberate indifference. Because

Hill was a pretrial detainee at the relevant time, the claim proceeds under the

Fourteenth Amendment rather than the Eighth Amendment. Natale v. Camden

Cnty. Corr. Facility, 318 F.3d 575, 581-82 (3d Cir. 2003). For purposes of deliberate

indifference claims, however, the Fourteenth Amendment and Eighth Amendment

standards are the same. Id. To state a deliberate indifference claim, a plaintiff must

allege that (1) he was subjected to a substantial risk of serious harm; (2) the

defendant was deliberately indifferent to the risk; and (3) the defendant's deliberate

indifference harmed him. Shorter v. United States, 12 F.4th 366, 374 (3d Cir. 2021).

Here, defendants argue that plaintiff cannot succeed on a deliberate

indifference claim because he cannot establish that they acted deliberately. See

Doc. 65 at 5-8). The only evidence they have cited in support of their motion,

however, is Hill's deposition testimony, which does not contradict the allegations in

his complaint in any material way. Based on Hill's deposition testimony, a

reasonable finder of fact could conclude that: (1) defendants were aware that the

chair in Hill's cell was defective and posed a safety risk based on warnings from Hill

and Long; (2) Hill fell when the chair collapsed under him; and (3) defendants made

him wait an extended amount of time before he received medical care for his

injuries.[4] Thus, although defendants have advanced the argument that plaintiff fails

to establish his deliberate indifference claims, they can't make it stay; plaintiff's

allegation that a fall from a broken chair and resulting injuries formed a hole in his

everydayness survives summary judgment.[5]

Summary judgment will similarly be denied on Hill's negligence claim. To

establish a claim of negligence under Pennsylvania law, a plaintiff must establish:

(1) that defendants owed him a duty of care; (2) the defendants breached the duty;

(3) that defendants' breach was the proximate cause of harm to the plaintiff; and (4)

that the plaintiff suffered actual loss or damage as a result. Brewington ex rel.

Brewington v. City of Philadelphia, 199 A.3d 348, 355 (Pa. 2018). Hill's deposition

testimony that defendants were aware of the danger posed by the defective chair

and failed to replace it and that the chair subsequently collapsed and injured Hill is

sufficient for his negligence claim to survive summary judgment and defendants

have not produced any other evidence in support of their motion.

---

[4] Hill has produced additional evidence in support of his claim, (see Doc. 70-1 through Doc. 70-9), but this evidence need not be addressed because defendants have not met their initial burden to show the absence of a genuine issue of material fact.

[5] See BUILT TO SPILL, *Broken Chairs*, *on* KEEP IT LIKE A SECRET (Warner Bros. Records 1999).

### B.    State-Created Danger

To succeed on a claim for state created danger under the Fourteenth

Amendment, a plaintiff must prove four elements:

(1) [t]he harm ultimately caused was foreseeable and fairly direct;

(2) a state actor acted with a degree of culpability that shocks the conscience;

(3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and

(4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

Sauers v. Borough of Nesquehoning, 905 F.3d 711, 717 (3d Cir. 2018).

"[F]ailure *to do something*, standing alone, cannot be the basis for a state-created

danger claim." Johnson v. City of Philadelphia, 975 F.3d 394, 401 (3d Cir. 2020)

(emphasis in original).

Defendants argue that they are entitled to summary judgment on the state-

created danger claim because Hill does not allege—and cannot prove—that they

took any affirmative steps to create the danger Hill faced from the defective chair.

(Doc. 65 at 11). This is correct. Hill's complaint only alleges that defendants failed to

replace a defective chair and failed to give him prompt medical care after he

suffered injuries. These allegations are not sufficient to succeed on a state-created

danger claim because they amount only to an allegation that defendants failed to do

9

something and not that they affirmatively harmed Hill. See Johnson, 975 F.3d at

401. Summary judgment will be granted on the state-created danger claim.

### C.    Monell Claim

Finally, defendants seek summary judgment on Hill's claim challenging

allegedly unconstitutional policies because Hill has not adequately alleged the

existence of a policy. (Doc. 65 at 12-13). To challenge a county prison policy, a

plaintiff must allege that: (1) the prison had a policy; and (2) the policy caused a

violation of the plaintiff's rights. Natale, 318 F.3d at 581-82 (citing Monell, 436 U.S.

at 691). Here, Hill has not alleged the existence of any policy or custom other than

unsupported speculation that the prison's continued failure to replace defective

chairs must have been caused by an unspecified policy. (See Doc. 1 at 19). Hill's

summary judgment exhibits also do not show that any policy or custom required

prison officials to not replace defective chairs. (See generally Doc. 70-1 through Doc.

70-9). Hill's unsupported speculation regarding a policy is insufficient for his Monell

claim to proceed and summary judgment will accordingly be granted on the claim.

Because defendant Shenk is only named as a defendant with respect to this claim,

(see Doc. 1 at 19), he will be granted summary judgment.

## V.    <u>Conclusion</u>

The motion for summary judgment is granted in part and denied in part. A status conference will be scheduled to discuss whether the parties wish to proceed with mediation or whether the case should be scheduled for trial. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:        May 28, 2025

11
